UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINA MAREZ, as guardian *ad litem*, et al., | No. 1:14-CV-00662-KJM-SKO |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Defendant Correct Care Solutions, LLC ("CCS") moves to dismiss the claims brought by plaintiffs Corina Marez, as guardian *ad litem* for E.R., K.R. and S.R., and Ruby Rodrigues. Def.'s Mot. Dismiss ("Mot.") at 1, ECF No. 8-1. Finding the matter suitable for disposition on the papers, the court did not hold argument. As explained below, the court GRANTS the motion.

I. BACKGROUND

On January 12, 2012, decedent Steven Virgil Rodrigues was arrested by the Turlock Police Department and taken to the Stanislaus County Men's Jail. First Am. Compl. ("FAC") ¶ 14 , ECF No. 3-1. Upon arrival, as he was "crying hysterically and visibly shaking," decedent received a medical screening, which included questions about his mental health. *Id.* When asked whether he was experiencing suicidal ideation, he responded affirmatively. *Id.*
/////

The intake report also noted that decedent had previously attempted suicide and was suffering from mental health problems requiring referral to special housing and routine follow up. *Id.*

On January 18, 2012, decedent was placed in a safety cell after expressing to defendant's employees that he "didn't want to be in the world anymore" and wanted to hang himself. *Id.* He was described as "severely depressed" and "hopeless." *Id.* Nonetheless, he was returned to a regular cell the next day. *Id.*

On February 17, 2012, decedent attempted to commit suicide by lacerating his arm. *Id.* ¶ 15. However, his attempt was unsuccessful, and he was taken for treatment to the Doctors Medical Center in Modesto, California. *Id.* Upon his release into custody, doctors instructed that he be placed on a seventy-two-hour hold because he remained suicidal. *Id.* Consistent with this instruction, decedent was placed in a safety cell on his return. *Id.* Yet he remained there for only sixteen hours before being transferred to a regular cell. *Id.*

On February 19, 2012, decedent committed suicide by hanging. *Id.* ¶ 17. When found, he was taken to Doctors Medical Center, where he was pronounced dead. *Id.*

After complying with the statutory requirements of California's Tort Claims Act, *see* CAL. GOV'T CODE §§ 810–996.6, plaintiffs filed suit in the Superior Court of California, County of Stanislaus on February 4, 2013. Beck Decl., Ex. B at 9, ECF No. 3-1. The original complaint alleged a single claim for negligence in violation of Government Code section 845.6 against the County of Stanislaus and the Stanislaus County Sheriff's Department. *Id.* at 6–7. On March 12, 2014, plaintiffs amended the complaint to include claims for violation of 42 U.S.C. § 1983 and medical negligence against defendant, FAC ¶¶ 28–40; these are the only two claims at issue in the instant motion, Mot. at 2. Defendant timely removed on May 2, 2014. Notice of Removal at 3, ECF No. 1.

II.     STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). Dismissal is proper where "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

2

cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), it "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' [and] . . . 'formulaic recitation[s] of the elements of a cause of action'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party," *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). This rule does not, however, apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, or to "allegations that contradict matters properly subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III. <u>ANALYSIS</u>

Defendant argues both of plaintiffs' claims are barred by one-year statutes of limitation. Mot. at 2. Because the claims were not alleged until the filing of the amended complaint, outside the limitations period, defendant says dismissal is proper. *Id.* Additionally, defendant claims plaintiffs fail to state a § 1983 claim because deliberate indifference is insufficiently pled. *Id.* at 8–9.

1    Plaintiffs oppose, arguing neither claim is properly dismissed. Pls.' Opp'n to
2 Mot. ("Opp'n") at 4, ECF No. 15. As to the medical negligence claim, plaintiffs agree a one-
3 year limitations period governs but assert their claim is timely because the period does not
4 begin to run until a plaintiff is aware both of the injury "and its negligent cause." *Id.* at 5. As
5 to the § 1983 claim, plaintiffs agree the applicable period is that governing personal injury
6 claims but dispute whether this is a one-year or two-year period and whether, under the
7 discovery rule, the claim accrued when the injury was discovered or when both the injury and
8 the "wrongdoing of another" were discovered. *Id.* at 6–10. Finally, plaintiffs contend the
9 § 1983 claim is properly pled. *Id.* at 10–14.

10    In reply, defendant argues any assertion of the discovery rule must be supported
11 by facts pleaded in the complaint. Def.'s Reply to Opp'n ("Reply") at 2, ECF No. 16. As such
12 factual bases are absent here, defendant concludes dismissal is proper. *Id.* at 3–6.

13    A. Medical Negligence

14    A federal court sitting in diversity over a state-law claim applies the state statute
15 of limitations. *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.,* 813 F.2d 272, 274 (9th
16 Cir. 1987). In California, the Code of Civil Procedure provides:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for commencement of an action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

21 CAL. CIV. PROC. CODE § 340.5. The parties agree this section furnishes the applicable one-year
22 limitations period for the medical negligence claim. Mot. at 4; Opp'n at 5.

23    The general rule is that "an action accrues on the date of injury [or death] . . . ."
24 *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1109 (1988). However, by application of the
25 discovery rule, "the accrual date of a [claim] is delayed until the plaintiff is aware of her injury
26 and its negligent cause." *Id.* "'Thus, once a patient knows, or by reasonable diligence should
27 have known, that he has been harmed *through professional negligence*, he [or she] has one year
28 to bring suit.'" *Timmel v. Moss*, 803 F.2d 519, 521 (9th Cir. 1986) (emphasis in original)

4

1  (quoting *Gutierrez v. Mofid*, 39 Cal. 3d 892, 896 (1985)).  This knowledge must derive from
2  "*facts* sufficient to put a reasonable person on inquiry that negligence was the cause of the
3  injury . . . ."  *Id.* (emphasis in original); *see also Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal. 4th
4  797, 807 (2005) (the discovery rule, codified in section 340.5, "delays accrual until the plaintiff
5  has, or should have, inquiry notice of the cause of action").

6        In raising the statute of limitations, an affirmative defense, the "defendant has
7  the burden of proving the action is time-barred." *Grisham v. Philip Morris, Inc.,* 670 F. Supp.
8  2d 1014, 1020 (C.D. Cal. 2009) (internal quotation marks omitted).  However, "[a] patient has
9  'presumptive knowledge' of injury 'when the patient's reasonably founded suspicions have
10  been aroused, and [he or] she has actually become alerted to the necessity for investigation and
11  pursuit of . . . remedies." *Revis v. Syerson*, No. 2:12-cv-2751-EFB P, 2014 WL 637014, at *3
12  (E.D. Cal. Feb. 18, 2014) (quoting *Artal v. Allen*, 111 Cal. App. 4th 273, 279 (2003)).
13  Additionally, a "'plaintiff whose complaint shows on its face that [the] claim would be barred
14  without the benefit of the discovery rule must specifically plead facts to show (1) the time and
15  manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable
16  diligence.'" *Eidson v. Medtronic, Inc.*, No. 13-CV-02049, 2014 WL 1996024, at *9 (N.D. Cal.
17  May 13, 2014) (emphasis in original) (quoting *Fox,* 35 Cal. 4th at 807).

18        Here, Rodrigues's death occurred on February 19, 2012.  FAC ¶ 17.  Under the
19  general rule, the one-year limitations period elapsed on February 19, 2013.  CAL. CIV. PROC.
20  CODE § 340.5; *see also Jolly,* 44 Cal. 3d at 1109.  Plaintiffs did not amend the complaint to
21  include the medical negligence claim until March 12, 2014.  FAC ¶¶ 36–40.  Accordingly,
22  unless the discovery rule is applied, the claim is untimely.  *See* CAL. CIV. PROC. CODE § 340.5;
23  *see also Jolly,* 44 Cal. 3d at 1109.  Plaintiff must therefore plead facts showing both (1) the
24  time and manner of discovery and (2) the inability, despite reasonable diligence, to have
25  uncovered the claim earlier.  *Eidson*, 2014 WL 1996024, at *9.

26        Fatally for plaintiffs, the operative complaint includes no such facts.
27  Accordingly, the claim must be dismissed.  Nonetheless, because the deficiency "could . . . be
28  cured by the allegation of other facts," the court grants leave to amend.  *Bly-Magee v.*

*California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); FED. R. CIV. P. 15(a)(2).

B. § 1983 Claim

State law also provides the limitations period for claims under § 1983. *Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir. 2009). Such suits are characterized as personal injury actions, *id.*, and are thus governed by a two-year statute of limitations, CAL. CIV. PROC. CODE § 335.1. However, "[a]lthough state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153–54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). As under California law, the discovery rule delays accrual of a claim until discovery of both the existence and cause of an injury, *Davis v. United States,* 642 F.2d 328, 330–31 (9th Cir. 1981), but the plaintiff must "plead facts that establish application of the delayed discovery rule," *see, e.g.*, *Dutro v. Cnty. of Contra Costa*, No. 12-cv-02972 NC, 2013 WL 5444431, at *1 (N.D. Cal. Sept. 30, 2013).

Here, with Rodrigues's death on February 19, 2012, FAC ¶ 17, the limitations period elapsed on February 19, 2014. CAL. CIV. PROC. CODE § 335.1. Given that plaintiffs amended the complaint to include this claim on March 12, 2014, FAC ¶¶ 28–35, the claim is untimely without the discovery rule, CAL. CIV. PROC. CODE § 335.1; *see also Jolly,* 44 Cal. 3d at 1109. Because plaintiffs have not pled facts to establish the discovery rule's application, this claim must be dismissed. Still, finding the deficiency may be curable "by the allegation of other facts," the court grants leave to amend. *Bly-Magee*, 236 F.3d at 1019 (internal quotation marks omitted); FED. R. CIV. P. 15(a)(2).

IV. CONCLUSION

As set forth above, the court DISMISSES the complaint with leave to amend. Consistent with this order, plaintiffs are directed to file an amended complaint within thirty

/////

/////

1 days of the filing of this order, if they are able to while complying with Federal Rule of Civil
2 Procedure 11.
3        IT IS SO ORDERED.
4 DATED: July 8, 2014.

                                      UNITED STATES DISTRICT JUDGE