UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINA MAREZ, as Guardian ad Litem for E.R., K.R., and S.R., minors; and RUBY RODRIGUES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 1:14-CV-00662-KJM-SKO<br><br>ORDER |

Defendant Correct Care Solutions LLC (CCS) moves to dismiss two claims in plaintiffs' Second Amended Complaint (SAC). *See* Fed. R. Civ. P. 12(b)(6). Defendant also has filed a request for judicial notice (RJN) in support of the motion to dismiss. Plaintiffs oppose the motion to dismiss, but not the request for judicial notice. For the following reasons, defendant's motion to dismiss is DENIED.

I. BACKGROUND

On January 12, 2012, decedent Steven Virgil Rodrigues was arrested by the Turlock Police Department and taken to the Stanislaus County Men's Jail (Jail). SAC ¶ 14, ECF No. 37. Upon arrival, as he was "crying hysterically and visibly shaking," decedent received a medical screening, which included questions about his mental health. *Id.* When asked whether he was experiencing suicidal ideation, he responded affirmatively. *Id.* The intake report also

1

noted that decedent had previously attempted suicide and was suffering from mental health problems requiring referral to special housing and routine follow up. *Id.* On January 18, 2012, decedent was placed in a safety cell after expressing to defendant's employees that he "didn't want to be in the world anymore" and wanted to hang himself. *Id.* He was described as "severely depressed" and "hopeless." *Id*. Nonetheless, he was returned to a regular cell the next day. *Id.* On February 17, 2012, decedent attempted to commit suicide by lacerating his arm. *Id*. ¶ 15. His attempt was unsuccessful, and he was taken for treatment to the Doctors Medical Center ("DMC") in Modesto, California. *Id.* Upon his release back to the Jail, doctors instructed he be placed on a seventy-two-hour hold because he remained suicidal. *Id.* Consistent with this instruction, decedent was placed in a safety cell on his return. *Id*. Yet he remained there for only sixteen hours before being transferred to a regular cell. *Id*. On February 19, 2012, decedent committed suicide by hanging. *Id*. ¶ 17. After complying with the statutory requirements of California's Tort Claims Act Code, *see* Cal. Gov't Code §§ 810–996.6, plaintiffs filed suit in the Superior Court of California, County of Stanislaus on February 4, 2013. Beck Decl., Ex. A at 7, ECF No. 27-1.

The original complaint, filed in state court, alleged a single claim for negligence in violation of California Government Code section 845.6 against the County of Stanislaus and the Stanislaus County Sheriff's Department. *Id.* at 4-5. On March 12, 2014, plaintiffs amended the complaint to add claims for violation of 42 U.S.C. § 1983 and medical negligence against defendant CCS (Beck Decl., Ex. B. at 16, First Amended Complaint (FAC) ECF No. 27-1). Defendant timely removed to this court on May 2, 2014. Notice of Removal at 3, ECF No. 1. Def.'s Mot. at 2, ECF No. 39.

In dismissing the First Amended Complaint, this court previously found the § 1983 and medical negligence claims to be governed by the California Code of Civil Procedure. Order Granting Mot. to Dismiss, ECF No. 35. Specifically, the medical negligence claim is subject to a one year statute of limitations in Civil Procedure Code § 340.5, and the § 1983 claim is subject to a two year statute of limitations in Civil Procedure Code § 335.1. *Id*. In its order of dismissal, the court also found plaintiffs had not sufficiently pled facts showing both (1) the time

and manner of discovery and (2) the inability, despite reasonable diligence, to have uncovered the claim earlier. *Id.* at 5.  The court therefore found the claims untimely against CCS. *Id.*  This court allowed plaintiffs to file a second amended complaint in an effort to cure the insufficient pleading, which they did on July 14, 2014.  SAC, ECF No. 37.

CCS moves to dismiss the second and third claims in the Second Amended Complaint, for violation of 42 U.S.C. § 1983 and medical negligence respectively, under Rule 12(b)(6), based on the statutes of limitations and, with respect to the § 1983 claim, failure to plead deliberate indifference.  Defendant also requests judicial notice of a letter sent from the Jail to plaintiff's counsel on April 2, 2012.  RJN, ECF No. 45.  Plaintiffs oppose dismissal (Opp'n, ECF No. 42) and defendant has filed a reply (Reply, ECF No. 44).  On its own motion, the court allowed plaintiffs to file a surreply.  ECF No. 47; Surreply, ECF No. 48.

II.     MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) quoted in Twombly, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network*, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.   REQUEST FOR JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court's consideration of documents either attached to a complaint or incorporated by reference, or of matters of judicial notice, will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The Ninth Circuit has explained such reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not attached to the complaint. *Knievel v. ESPN*, 393 F.3d 1068,

1076 (9th Cir. 2005); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider document if authenticity not questioned in order to prevent plaintiff from prevailing on Rule 12(b)(6) motion by omitting documents underlying a claim).

As noted, defendant has requested judicial notice of a letter from the Jail to plaintiff's counsel dated April 2, 2012, which names CCS as the Jail's medical provider. RJN at 2, ECF No. 45. This document is certified and signed under penalty of perjury. Plaintiffs do not oppose this request, and in fact reference the letter in their surreply. Plaintiffs' Surreply at 2, ECF No. 48. The court may consider the letter from the Jail because the authenticity of the letter is not disputed, and the identification of CCS as the medical provider at the Jail, made in response to plaintiffs' request for medical records of the decedent, is essential to the plaintiffs' claims. The court takes judicial notice as requested.

IV.     STATUTE OF LIMITATIONS

Defendant argues plaintiffs' claims as currently pled are barred by the applicable statutes of limitation. Def.'s Mot. at 2. Plaintiffs contend their action is timely because the statute only began to run on May 1, 2013, in the course of discovery in the initial state court action against the County of Stanislaus, when plaintiffs discovered CCS was the entity responsible for the medical care at the Jail. Opp'n at 4. Plaintiffs contend they did not previously know the identity of the entity responsible for medical treatment, but defendant argues that information was not being concealed. Defendant argues any application of the discovery rule is not supported by the facts, as plaintiffs had all the facts necessary for their claim shortly after decedent's death. Def.'s Mot. at 4.

CCS was named as the entity providing medical care in a letter to plaintiffs' counsel sent shortly after decedent's death in February 2012. RJN Ex. 1. In a letter dated April 2, 2012, Sergeant Radza, Custodian of Records at the Jail, sent plaintiffs' counsel a letter stating that "[m]edical records are maintained by our medical provider, Correct Care Solutions (CCS)." Plaintiff concedes this letter was sent and received, but argues it reveals only the identity of the maintainer of medical records, not that CCS was involved in decedent's medical care, or even that decedent received medical care prior to his death. Pls.' Surreply at 2-3, ECF No. 48.

Ordinarily, a cause of action accrues "when the wrongful act is done and the obligation or the liability arises," that is, once the plaintiff "is entitled to begin and prosecute an action thereon." *United States Liab. Ins. Co. v. Haidinger–Hayes, Inc.*, 1 Cal.3d 586, 596 (1970) (citation omitted). Applied to this case, the ordinary rule would mean the cause of action accrued on February 19, 2012, the day decedent died. *See Norgart v. Upjohn Co.*, 21 Cal.4th 383, 404 (1999) (wrongful death action accrues on date of death).

The limitations period would have elapsed on February 19, 2014 for the section 1983 claim (Cal. Civ. Proc. Code § 335.1) and February 19, 2013 for the medical negligence claim (Cal. Civ. Proc. Code § 340.5). Because plaintiffs amended the complaint to include CCS on March 12, 2014, SAC ¶¶ 28–35, the claim is untimely without an exception. Cal. Civ. Proc. Code § 335.1; *see also Jolly*, 44 Cal. 3d at 1109.

Plaintiffs rely on the "delayed discovery rule," an exception to the ordinary rule. Under this rule, a cause of action accrues "when the plaintiff has some reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A potential plaintiff who suspects a wrongful cause "must conduct a reasonable investigation of all potential causes of that injury." *Fox*, 35 Cal. 4th at 808–9. Plaintiffs bear the burden of showing that a reasonable investigation would not have revealed the basis of their claims against the defendant. To satisfy this burden, plaintiffs "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal.4th at 808 (citation omitted); *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1324 (2007).

A plaintiff does not need to be aware of the exact cause of injury for the statute of limitations to begin to run. *Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35 (2003); *see also Jolly* 44 Cal.3d at 1113 ("[I]t is the discovery of facts, not their legal significance, that starts the statute."). In applying the discovery rule, the court must look to whether defendant's "conduct concealed the facts" to prevent plaintiff from discovering the true wrongful cause. *Platt Elec.*

6

*Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1056 (9th Cir. 2008) (citing *Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995)).

Here, plaintiffs suspected decedent's death involved some negligence beginning in 2012, when they learned of the DMC order prescribing the 72-hour hold; they diligently pursued the medical records, starting at least as early as 2012, to investigate this possibility. Opp'n at 4. Until defendants produced the medical records in May 2013, plaintiffs did not have any information to suggest it was CCS, not the County, that removed the decedent from his safety cell in contravention of the 72-hour hold. This underlying fact gives rise to the claims against CCS and was not previously available to plaintiff even through diligence. Previously, plaintiffs had notice of only these facts: the decedent's 72-hour hold order, his death at the Jail, and Correct Care's identity as a medical provider. SAC ¶ 20; RJN ECF No. 45.

The court finds the discovery rule applies in these circumstances. The motion to dismiss claims against CCS as time-barred is denied.

V.   Section 1983

Plaintiffs allege violation of 42 U.S.C. § 1983 by defendant CCS based on its failure to provide constitutionally adequate medical treatment. Defendant contends plaintiff has not stated a cause of action, and their allegations are "wholly conclusory and speculative." Def.'s Mot. at 10.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *See McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*. at 1059 (citing *Estelle*, 429 U.S. at 104). Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *Id*. at 1060. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain

or possible medical need and (b) harm caused by the indifference. *Id*. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. at 1059 (quoting *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988)).

Here, plaintiffs allege defendant knew of the serious medical, physical, and mental health condition of the decedent and was deliberately indifferent in ignoring the prescribed 72-hour hold and returning decedent to his regular cell, where he committed suicide. SAC at 5-6. Plaintiffs adequately plead facts to support the allegation defendant was deliberately indifferent to decedent's medical needs, resulting in harm. The motion to dismiss the § 1983 action for failure to state a claim is denied.

## VI.   CONCLUSION

As set forth above, the court DENIES the motion to dismiss. CCS has 21 days from the date of this order to file an answer to plaintiffs' second amended complaint.

IT IS SO ORDERED.

DATED: January 8, 2015.

_____
UNITED STATES DISTRICT JUDGE