# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| E.R. et al., | Case No. 1:14-cv-00662-DAD-SKO |
|---|---|
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING AND APPROVING PLAINTIFFS' PETITION FOR APPROVAL OF MINORS' SETTLEMENT |
| v. | |
| COUNTY OF STANISLAUS, et al., | (ECF Nos. 94, 98, 99) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On April 5, 2016, the undersigned conducted a settlement conference in this action at which the parties reached a settlement agreement. On May 31, 2016, Plaintiff Ruby Rodrigues and Plaintiffs E.R., K.R., and S.R., through their guardian ad litem, Corina Marez, filed a motion to grant an unopposed petition for approval of minors' settlement. (ECF No. 94.) On May 31, 2016, the parties filed a stipulation that the Court refer Plaintiffs' pending petition for approval of minors' settlement to the undersigned for the purpose of issuing findings and recommendations. (ECF No. 95.) On June 6, 2016, United States District Judge Dale A. Drozd granted the parties' request and the petition was referred to the undersigned for the purpose of issuing findings and recommendations for District Judge Drozd's consideration. (ECF No. 96.) On June 7, 2016, the Court directed Defendants Correct Care Solutions, LLC ("CCS"), County of Stanislaus, and Stanislaus County Sheriff's Department to file a statement of non-opposition

or a statement indicating intent to file opposition. (ECF No. 97.) On June 7, 2016, Defendants filed statements of non-opposition. (ECF Nos. 98, 99.)

The Court has reviewed the relevant portions of the record and the petition for approval of minors' settlement. Pursuant to Local Rule 230(g), the Court finds this matter suitable for decision without oral argument. Having considered the moving papers and court record, the Court issues the following findings and recommendations recommending granting Plaintiffs' petition for approval of minors' settlement.

## I.

## BACKGROUND

Plaintiffs filed this action in the Superior Court of California, County of Stanislaus, on February 4, 2013. On March 12, 2014, Plaintiffs amended the complaint in the Superior Court of California, County of Stanislaus. On May 2, 2014, Defendant CCS timely removed the action to this Court. On July 9, 2014, the Court granted CCS's motion to dismiss with leave to amend. On July 14, 2014, Plaintiffs filed the second amended complaint. (ECF No. 37.) On April 8, 2015, Plaintiffs filed an ex parte application for leave to file a third amended complaint, which the Court granted on April 15, 2015. (ECF Nos. 61, 63.) On July 7, 2015, Plaintiffs filed an ex parte application for leave to file a fourth amended complaint ("FAC"), which the Court granted on July 14, 2015. (ECF Nos. 67, 68.) On July 14, 2015, the FAC was filed. (ECF No. 69.) Plaintiffs bring this action for negligence, medical negligence, and civil rights violations.

On January 12, 2012, decedent Steven Virgil Rodrigues was arrested by the Turlock Police Department and taken to Stanislaus County Men's Jail. FAC ¶ 12. Upon arrival, as he was "crying hysterically and visibly shaking," decedent received a medical screening which included questions about his mental health. Id. When asked whether he was experiencing suicidal ideation, he responded affirmatively. Id. The intake report also noted that decedent had previously attempted suicide and was suffering from mental health problems requiring referral to special housing and routine follow up. Id. On January 18, 2012, decedent was placed in a safety cell after expressing to CCS's employees that he "didn't want to be in the world anymore" and that he wanted to hang himself. Id. He was described as "severely depressed" and "hopeless."

Id. Nonetheless, he was returned to a regular cell the next day. Id.

On February 17, 2012, decedent attempted to commit suicide by lacerating his arm. Id. ¶ 13. His attempt was unsuccessful, and he was taken for treatment to the Doctors Medical Center ("DMC") in Modesto, California. Id. Upon his release back to the Jail, doctors instructed he be placed on a seventy-two-hour hold because he remained suicidal. Id. Consistent with this instruction, decedent was placed in a safety cell upon his return to the Jail. Id. ¶ 14. However, he remained there for only sixteen hours before being transferred to a regular cell. Id. On February 19, 2012, decedent committed suicide by hanging. Id. ¶ 15.

## II.

## LEGAL STANDARDS

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise....

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and "whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." Local Rule 202(c).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the

settlement serves the best interests of the minor.' " Id.  However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

## III.

## DISCUSSION

The petition for approval of minors' settlement adequately sets forth all of the requirements in Local Rule 202(b)(2) and 202(c).  E.R., K.R., and S.R. are represented by their mother, Corina Marez, who has been appointed their guardian ad litem.  E.R. is a seven-year-old female, K.R. is a six year-old-male, and S.R. is a five-year-old female.  (ECF No. 94 at 3, 7-8.)  E.R., K.R., and S.R. are represented by Lynn & O'Brien, LLP.  Counsel accepted their engagement in this action for a contingency fee and the contingency fee agreement provides for a forty percent attorney fee recovery, but counsel are only requesting thirty-seven percent attorney fee recovery.  (ECF No. 94-1, Lynn Decl. ¶ 9.)  Counsel represent that they did not become involved in this matter at the instance of any party whom the causes of action are asserted, they are not employed by any other party or insurance carrier involved in this matter, and they have not received any compensation for their services to date.  (Lynn Decl. ¶ 14-16.)

The essential terms of the settlement are that Defendant CCS will pay $125,000 with $57,000 to be paid for annuity purchases for the minor Plaintiffs from Liberty Life Assurance Company of Boston and $68,000 to the Client Trust Account of Lynn & O'Brien, LLP, and Defendant County of Stanislaus will pay $25,000 to the Client Trust Account of Lynn & O'Brien, LLP. (ECF No. 94 at 4.)

Plaintiffs have agreed that the settlement proceeds are to be distributed equally among the four Plaintiffs, E.R, K.R., S.R., and Ruby Rodrigues.  (ECF No. 94 at 4.)  Plaintiffs' counsel is requesting $55,500 in attorneys' fees and $18,500 in costs.  (ECF No. 94 at 4-6.)  After deducting the requested attorneys' fees of $55,500 from the settlement of $150,000, the

1  remaining $94,500 is to be divided equally among the four Plaintiffs so that each Plaintiff
2  receives $23,625. (ECF No. 94 at 4-7.) Plaintiffs have agreed to equally split the costs among
3  the four Plaintiffs, so $4,625 in costs is deduced from each Plaintiff's $23,625 recovery. (ECF
4  No. 94 at 6.) Therefore, after deducting requested attorneys' fees and costs, each Plaintiff's net
5  recovery is $19,000. (ECF No. 94 at 7.)

6  Plaintiffs contend that the case involved a great risk for damages because decedent faced
7  a long period of incarceration if he was convicted on the charges that he molested a minor
8  relative and he would not have been able to provide financial and emotional support to minor
9  Plaintiffs during his incarceration. (Lynn Decl. ¶ 12.) Also, Plaintiffs note that the first offer in
10 this case was made by Defendants at the settlement conference on April 5, 2016, after two years
11 of litigation. (Lynn Decl. ¶ 12.) In addition, net recovery to each minor Plaintiff is consistent
12 with the average recovery in similar cases. See E.S. by and through Gonzalez v. City of Visalia,
13 No. 1:13-CV-01697-LJO-BAM, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving minor's
14 compromise for net payment of $130,444.83 in action involving the shooting and killing of
15 minor's father); Armstrong v. Dossey, No. 1:11-CV-01632-SKO, 2013 WL 4676541 (E.D. Cal.
16 Aug. 30, 2013) (finding fair and reasonable settlement of minors' section 1983 claims for their
17 father's death for $22,500 and $11,000 respectively between the minors); Doe ex rel. Scott v.
18 Gill, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 (N.D. Cal. May
19 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in action involving the
20 shooting and killing of minor's mother by police officers); Swayzer v. City of San Jose, No.
21 C10-03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise
22 for net amount of $2,054.17 in action involving alleged wrongful death of minor's father during
23 his arrest); cf. Cotton ex rel. McClure v. City of Eureka, No. C 08-4386 SBA, 2012 WL 6052519
24 (N.D. Cal. Dec. 5, 2012) (approving minor's compromise for wrongful death of minor's father
25 by police officers in the net amount of $2,646,765.90; settlement occurred during pendency of
26 appeal, which followed jury verdict in the amount of $4,000,000 in compensatory damages
27 awarded to minor plaintiff). The Court, having considered the record, the unopposed petition for
28 approval of minors' settlement, the terms of the settlement, and the discussions at the settlement

conference before the undersigned, finds that the net settlement amount distributed to each minor Plaintiff in the settlement is fair and reasonable in light of the facts of the case and the specific claims.

Additionally, the parties have agreed to the purchase of structured annuities and payments. Plaintiffs propose that settlement checks in the amount of $19,000 each be issued to purchase a structured annuity for E.R, K.R., and S.R. by July 31, 2016. (ECF No. 94-2 at 3.) On behalf of E.R., the check will be made payable to Liberty Life Assurance Company of Boston and periodic payments will be made by Liberty Life Assurance Company of Boston beginning on December 12, 2026, when E.R. is eighteen. (ECF No. 94-2 at 6-7.) The payments to E.R. shall proceed as follows:

$2,500 payment on December 12, 2026, when E.R. is eighteen;

$5,000 payment on December 12, 2029, when E.R. is twenty-one; and

$22,724 payment on December 12, 2032, when E.R. is twenty-four.

(ECF No. 94-2 at 6-7.) The periodic payments shall be mailed or made by electronic funds transfer to E.R. (ECF No. 94-2 at 7.)

On behalf of K.R., the check will be made payable to Liberty Life Assurance Company of Boston and periodic payments will be made by Liberty Life Assurance Company of Boston beginning on November 5, 2027, when K.R. is eighteen. (ECF No. 94-2 at 9-10.) The payments to K.R. shall proceed as follows:

$2,500 payment on November 5, 2027, when K.R. is eighteen;

$5,000 payment on November 5, 2030, when K.R. is twenty-one; and

$24,065 payment on November 5, 2033, when K.R. is twenty-four.

(ECF No. 94-2 at 9-10.) The periodic payments shall be mailed or made by electronic funds transfer to K.R. (ECF No. 94-2 at 10.)

On behalf of S.R., the check will be made payable to Liberty Life Assurance Company of Boston and periodic payments will be made by Liberty Life Assurance Company of Boston beginning on December 16, 2028, when S.R. is eighteen. (ECF No. 94-2 at 12-13.) The payments to S.R. shall proceed as follows:

1        $2,500 payment on December 16, 2028, when S.R. is eighteen;

2        $5,000 payment on December 16, 2031, when S.R. is twenty-one; and

3        $25,872 payment on December 16, 2034, when S.R. is twenty-four.

(ECF No. 94-2 at 12-13.)  The periodic payments shall be mailed or made by electronic funds transfer to S.R.  (ECF No. 94-2 at 13.)

Each structured annuity spreads the distribution of funds over a lengthy period of time and delays payment of the largest portion until the minors are twenty-four, which increases the payout and protects the minors from potential loss or waste of a single lump sum payment at eighteen.  Therefore, the Court finds that the structured annuities are reasonable and in the best interests of the minors.

## IV.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the petition to approve the settlement of the claims for minors E.R., K.R., and S.R., through their guardian ad litem, Corina Marez, be APPROVED and GRANTED as follows:

1. The settlement of minors E.R., K.R., and S.R.'s action against Defendants in the amount of $150,000 be approved; and
2. Defendant CCS pay $125,000 as follows:
   a. $19,000 to be paid for an annuity purchase for E.R. from Liberty Life Assurance Company of Boston;
   b. $19,000 to be paid for an annuity purchase for K.R. from Liberty Life Assurance Company of Boston;
   c. $19,000 to be paid for an annuity purchase for S.R. from Liberty Life Assurance Company of Boston; and
   d. $68,000 to the Client Trust Account of Lynn & O'Brien, LLP; and
3. Annuity payments be made payable and be issued directly to:
   a. E.R. in the amounts of $2,500 on December 12, 2026, $5,000 on December 12, 2029, and $22,724 on December 12, 2032;

      b.      K.R. in the amounts of $2,500 on November 5, 2027, $5,000 on November 5, 2030, and $24,065 on November 5, 2033; and

      c.      S.R. in the amounts of $2,500 on December 16, 2028, $5,000 on December 16, 2031, and $25,872 on December 16, 2034; and

4.      Defendant County of Stanislaus pay $25,000 to the Client Trust Account of Lynn & O'Brien, LLP; and

5.      Attorneys Lynn & O'Brien, LLP, be paid the sum of $55,000 in attorneys' fees and $18,500 for costs incurred representing Plaintiffs.

These findings and recommendations are submitted to District Judge Drozd, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may constitute a waiver of the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 15, 2016**

UNITED STATES MAGISTRATE JUDGE